Rony Bladirmiro Martinez
ZEPEDA, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–70615.
Agency No. A74–429–944.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 19, 2003.

Vicenta E. Montoya, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Thankful T. Vanderstar, Terri J. Scadron, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM**

Rony Bladirmiro Martinez Zepeda, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence factual determinations concerning a petitioner's eligibility for asylum, and must uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Zepeda testified that in 1985, the army threatened a group of student activists to which he belonged, and, on another occasion, killed a member of this group during a political demonstration. The IJ's determination that Zepeda did not demonstrate past persecution or a well-founded fear of future persecution is supported by substantial evidence because there is no evidence that Zepeda was specifically targeted in 1985, or that the current Guatemalan government has any interest in persecuting him. *See id.* at 483–84; *see Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 996 (9th Cir.2003) (acknowledging that post-peace accords country report indicates that only high-level political figures are subject to persecution in Guatemala).

Zepeda, in failing to qualify for asylum, necessarily failed to satisfy the more stringent standard required to establish eligibility for withholding of deportation. *See*

---

*Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

